IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DERRICUS GILBERT,**

      **Petitioner,**

v.

**D. ALATARY, ACTING WARDEN,
FCI GREENVILLE**

      **Respondent.**

**Case No. 25-CV-01842-SPM**

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

      Petitioner Derricus Gilbert, an inmate currently incarcerated at the Federal Correctional Institution in Greenville ("FCI Greenville"), filed the instant Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). The case is now before the Court for preliminary review of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Rule 4 provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *See id.* Pursuant to Rule 1(b), the Court has discretion to apply these Rules to other habeas corpus cases. For the reasons set forth below, the Petition is **DENIED**.

      On November 14, 2017, a federal grand jury returned an Indictment charging Gilbert with one count of Conspiracy to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846 (Count One). *See United States v. Derricus*

*Gilbert*, Case No. 3:17-cr-00040-RLY-MPB-04 (S.D. Ind. 2017). On March 5, 2019, Gilbert agreed to the terms of a plea agreement and pleaded guilty to Count One as charged before the United States District Court for the Southern District of Indiana. *See id.* On August 9, 2019, the District Court sentenced Gilbert to a term of incarceration of 180 months, to be followed by a period of Supervised Release of five years.[1] *See id.* Gilbert is currently scheduled for release from custody on September 24, 2029. *See Find an Inmate*, FED. BUREAU OF PRISONS, [https://perma.cc/7LP5-BWHF] (last visited October 30, 2025) (search under "Find By Number" tab for BOP Register No. 16003-028).

In his Petition, Gilbert alleges that the duration of his sentence is improperly calculated due to a misapplication of the First Step Act ("FSA"). (Doc. 1). Specifically, he raises three grounds: (1) that he spent 27 months in pretrial federal custody and claims entitlement to 10 days of credit per month; (2) that he was not credited for eight weeks spent in transit "over the years"; and (3) that did not receive FSA credit for six months where "[e]ven after being sentenced I was held for another 6 months in pretrial detention." (*Id.*, p. 6). Gilbert first filed a Request for Administrative Remedy (#1242871-F1) with the Warden's Office at FCI Greenville on June 4, 2025, which was denied by Warden T. Lillard on June 5, 2025. (*Id.*, p. 9). Gilbert pleads in his Petition that he appealed the denial of his Administrative Remedy and filed a BP-10 form on June 8, 2025. (*Id.*, p. 2). Gilbert states that it has been three months with no response to his appeal and that he subsequently filed the instant Petition on

---

[1] Gilbert was additionally sentenced to pay a special assessment of $100.00. *See United States v. Derricus Gilbert*, Case No. 3:17-cr-00040-RLY-MPB-04 (S.D. Ind. 2017).

September 29, 2025. (*Id.*). Gilbert has requested for this Court to grant him the FSA time credit to which he claims he is entitled. (*Id.*, p. 7).

A petitioner may seek a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge the fact or duration of the petitioner's confinement. *Preiser v. Rodriguez,* 411 U.S. 475, 490 (1973). The Attorney General, acting through the BOP, calculates a defendant's sentence "as an administrative matter when imprisoning the defendant." *United States v. Wilson*, 503 U.S. 329, 335 (1992). A federal prisoner may challenge the execution of his sentence in a petition filed under 28 U.S.C. § 2241 in the district of incarceration. *See Taylor v. Lariva*, 638 F. App'x 539, 541 (7th Cir. 2016) (citing *Wilson*, 503 U.S. at 335). The Seventh Circuit has expressly held that "[a] district court has no power to give credit for time served; that authority rests solely with the BOP." *Kane v. Zuercher,* 344 F. App'x 267, 268 (7th Cir. 2009) (citing *United States v. Wilson,* 503 U.S. 329, 334–35 (1992)); *see also* 18 U.S.C. § 3585; *United States v. McGee,* 60 F.3d 1266, 1272 (7th Cir. 1995); *United States v. Pardue*, 363 F.3d 695, 699 (8th Cir. 2004)). The Court clarified, though, that a district court "may review under § 2241 the BOP's ruling on an inmate's request for presentence credit." *Id.* at 268−69 (citing *United States v. Koller,* 956 F.2d 1408, 1417 (7th Cir. 1992).

Prior to bringing a § 2241 petition in the district court, however, a petitioner is required to exhaust his administrative remedies. *See Ihmoud v. Jett,* 272 F. App'x 525, 526 (7th Cir. 2008) (citing *Richmond v. Scibana* 387 F.3d 602, 604 (7th Cir. 2004); *Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004); *McGhee v. Clark,* 166 F.3d 884, 887 (7th. Cir. 1999)). To exhaust administrative remedies, petitioners must "file

complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry,* 286 F.3d, 1022, 1025 (7th Cir. 2002). The BOP's administrative remedy process consists of four tiers. 28 C.F.R §§ 542.13–15. First, an inmate must attempt to resolve the issue informally with a counselor using a BP-8 form. *Id.* Second, the inmate must file a formal grievance with the warden (BP-9). *Id.* Third, the inmate may appeal to the BOP Regional Director (BP-10). *Id.* Finally, the inmate may appeal to the BOP General Counsel (BP-11). *Id.* Response times to Requests and Appeals are governed by 28 C.F.R. § 542.18. The regulation provides that once an appeal is filed, the Regional Director must respond within thirty calendar days. *Id.* The response period may be extended once, for an additional thirty days, if more time is needed to reach an appropriate decision. *See id.* The regulation further states that "[i]f the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." *Id.*

Here, Gilbert states that he has filed a BP-10 form directed to the BOP Regional Director on June 8, 2025, and that, as of September 29, 2025, he had not received a response. (*See* Doc. 1). Because more than three months have passed since he filed the appeal, and he has not received a response, Gilbert may treat the lack of response as a denial and proceed to the next level of review. *See* 28 C.F.R. § 542.18; *Robinson v. Williams*, No. 3:21-CV-296-DWD, 2021 WL 3666230, at *1 (S.D. Ill. July 29, 2021) ("Even if her claim that Warden Williams failed to respond to her initial BP-9 form is true, she should have proceeded with the appeal process as if her BP-9 had been denied."); *see also Day v. Daniels,* 673 F. App'x 582, 584 (7th Cir. 2017).

While it is true that 28 C.F.R. § 542.15(b)(1) states that an inmate must attach his response from the Regional Director in his appeal to the General Counsel, the Seventh Circuit has held that when the Regional Director fails to respond to a BP-10, an appeal to the General Counsel may be made "without the need to attach the nonexistent response." *Ingram v. Watson*, 67 F.4th 866, 870 (7th Cir. 2023). Therefore, despite the Regional Director's lack of response, Gilbert still has the option to appeal directly to the General Counsel. It follows that Gilbert has not yet fully exhausted his administrative remedies. Gilbert's failure to exhaust his administrative remedies is controlling and compels this Court to dismiss his Petition.

## CONCLUSION

For the reasons set forth herein, Derricus Gilbert's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED without prejudice**. The Clerk of Court is **DIRECTED** to close this case on the Court's docket.

**IT IS SO ORDERED.**

**DATED: October 30, 2025**

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
